FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES DANIEL BACON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THOMAS M. HILL, and SHAWN M. HOBBS,<br><br>　　　　　　Defendants. | NO. 2:24-CV-0245-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 47). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

Plaintiff is a prisoner currently housed at the United States Penitentiary Victorville in Victorville, California. On July 19, 2024, Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 claiming that while he was

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

being held in the Spokane County Jail in 2022, he was verbally harassed, experienced deliberate indifference to his serious medical needs, was subjected to unconstitutional conditions of confinement, his property was taken and destroyed, and his due process rights were violated when he was placed in solitary confinement for more than eight months without a hearing. ECF No. 1 at 8-27. Plaintiff identified nearly a dozen corrections officers in his original complaint. *Id.* at 2.

After reviewing Plaintiff's original complaint, the Court found Plaintiff sufficiently alleged facts supporting a Fourteenth Amendment due process claim as to only Defendant Thomas M. Hill, a sergeant with Spokane County Detention Services, but only if Plaintiff was a pretrial detainee at the time of the incident. ECF No. 7 at 41. The Court then directed Plaintiff to file an amended complaint to confirm his pretrial detainee status and correct other identified deficiencies in his claims. *Id.* Plaintiff filed a First Amended Complaint ("FAC") on October 25, 2024 confirming his pretrial detainee status and alleging additional facts supporting his Fourteenth Amendment due process claims against several corrections officers including Thomas M. Hill ("Hills"), Shawn M. Hobbs ("Hobbs"), Cameron J. Kurowski ("Kurowski"), and Jacob E. Durkin ("Durkin"). ECF No. 11 at 8-40.

Plaintiff's claim against defendants Kurowski and Durkin in the FAC related

to an incident that occurred on December 10, 2022. Plaintiff alleged that on that day, Kurowski and Durkin came to his cell and told him to cuff up to chat about an incident that occurred the day prior. ECF No. 11 at 27. Plaintiff claimed that after he refused to answer any questions, he was infracted and sanctioned for five days without notification of even having an infraction in violation of his due process rights. *Id.*

After reviewing the FAC, the Court found Plaintiff had failed to sufficiently allege facts to state a plausible claim against Kurowski and Durkin and dismissed them as defendants on November 14, 2024. ECF No. 14 at 32. The only claims the Court found sufficiently pled were due process claims against defendants Hill and Hobbs. Plaintiff's remaining claims were dismissed. ECF No. 14. Plaintiff now moves the Court to reconsider its dismissal of Kurowski and Durkin.

**DISCUSSION**

A motion for reconsideration is generally disfavored and should only be granted in rare circumstances where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

1    Plaintiff argues reconsideration is warranted here because documents he
2 recently received during discovery supports his due process claims against
3 Kurowski and Durkin.  ECF No. 47.  Specifically, Plaintiff points to an incident
4 report that Kurowski submitted to his employer detailing his and Durkin's
5 interaction with Plaintiff on December 10, 2022 that led to Kurowski and Durkin
6 issuing Plaintiff a five-day sanction.  ECF No. 47 at 8.  Plaintiff also provides a
7 copy of the Spokane County Jail's inmate discipline policy that Plaintiff asserts
8 proves his due process rights were violated.  *Id.* at 3-5, 11-22.
9    After reviewing the record and evidence provided, the Court does not find
10 that reconsideration of its order to dismiss Kurowski and Durkin as defendants
11 back on November 14, 2024 is warranted here.  Plaintiff has not shown the Court
12 committed clear legal error nor does the evidence Plaintiff provides present any
13 new facts Plaintiff was not previously aware of.
14    Moreover, even if the Court were to construe Plaintiff's motion as a motion
15 to amend his complaint to add additional parties and facts, it still must fail.  The
16 Court's Jury Trial Scheduling Order issued on May 19, 2025 set the deadline to
17 amend pleadings or add parties as July 3, 2025 (ECF No. 44 at 2) and therefore
18 "control[s] the subsequent course of the action" unless modified by the court.  Fed.
19 R. Civ. P. 16(e).  A party seeking leave to amend a complaint after the deadline to
20 amend pleadings has passed is actually seeking a modification of the scheduling

order and must satisfy the requirements of both Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he liberal amendment standard set out in Rule 15(a) is inapplicable until the movant first demonstrates that 'good cause' as prescribed by Rule 16(b) justifies the amendment." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 606-07 (E.D. Cal. 1999).

The Rule 16(b) good cause requirement "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.*

Construing Plaintiff's motion as a motion to amend his complaint, the Court does not find Plaintiff was diligent in seeking such amendment. The Court previously dismissed Plaintiff's claims against Kurowski and Durkin for failing to allege sufficient facts to state a plausible due process claim. ECF No. 14. Specifically, the Court explained

> Plaintiff claims that he was infracted and sanctioned without notification of even having an infraction. Plaintiff claims that this violated his due process rights, but he does not provide any details about the sanction. His vague allegations are insufficient to state a plausible due process claim against Defendants Kurowski or Durkin.

1  ECF No. 14 at 31.

2  The incident report Plaintiff now relies on does not present new or previously
3  undiscoverable facts Plaintiff was not already aware of at the time he filed the
4  FAC.  Rather, Plaintiff argues the incident report substantiates his due process
5  claims against Kurowski and Durkin by "stating exactly what [Plaintiff] claimed
6  [defendant Kurowski] and defendant Durkin did to [him]" as he did in the FAC.
7  ECF No. 47 at 2.

8      Plaintiff's belated attempt to try and correct the deficiencies in the FAC by
9  realleging the same claims and facts against Kurowski and Durkin does not
10 demonstrate the good cause needed to justify his amendment of the pleadings at
11 this point in the litigation.  Plaintiff could have moved to amend the FAC at any
12 point prior to the July 3, 2025 deadline to amend pleadings.

13 **ACCORDINGLY, IT IS HEREBY ORDERED:**

14     Plaintiff's Motion for Reconsideration (ECF No. 47) is **DENIED**.

15     The District Court Executive is directed to enter this Order and furnish
16 copies to the parties.

17     DATED October 3, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 6